STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert C. KENT, Defendant-Appellant.†

Court of Appeals

*No. 81–1650–CR. Submitted on briefs March 11, 1982.—
Decided April 27, 1982.*
(Also reported in 319 N.W.2d 508.)

For the defendant-appellant the cause was submitted on the briefs of *Michael Yovovich,* first assistant public defender and *Kenneth L. Lund,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendant has appealed from a judgment of conviction following a jury trial in which he was found guilty of uttering a forged check, contrary to sec. 943.38(2), Stats. The trial court permitted Deborah Oliver, the person to whom the check was passed, to testify during the state's case in chief. The issue is whether the trial court erred when it allowed her to testify, in view of the notice of alibi provisions in sec.

† Petition to review denied. ABRAHAMSON, J., took no part.

971.23(8)(d), Stats. We conclude that the court did not err and we therefore affirm.

Defendant filed a timely notice of alibi and a list of his alibi witnesses prior to trial, as required by sec. 971.23(8)(a), Stats. Following receipt of the notice, the state did not give the defendant notice of the witnesses it intended to call to discredit the alibi.

Section 971.23(8)(d), Stats., provides:

Within 10 days after receipt of the notice of alibi, or such other time as the court orders, the district attorney shall furnish the defendant notice in writing of the names and addresses, if known, of any witnesses whom the state proposes to offer in rebuttal to discredit the defendant's alibi. In default of such notice, no rebuttal evidence on the alibi issue shall be received unless the court, for cause, orders otherwise.

In a pretrial motion, defendant moved to exclude the testimony of any rebuttal alibi witness. The state responded that it intended to call Ms. Oliver as a witness. The state contended it had good cause not to comply with the notice requirement of sec. 971.23(8)(d). The state asserted defendant knew from the date of his initial appearance that Ms. Oliver would testify and knew the substance of her testimony. The state asserted defendant obtained that knowledge from the complaint and Ms. Oliver's testimony at the preliminary hearing. The trial court found cause to admit Ms. Oliver's testimony and allowed it.

The complaint was signed by a Janesville detective. He alleged that Ms. Oliver identified defendant as the person who presented her with the check February 10, 1981 at the Rockport Inn in Janesville where she worked as a bartender. Ms. Oliver testified to those same facts at the preliminary.

In our view, sec. 971.23(8)(d), Stats., does not require the state to provide the name of Ms. Oliver as a rebuttal alibi witness. The purpose of the statute is to

avoid the unexpected and unfair appearance of an alibi rebuttal witness at the trial under such circumstances that it is impossible for the defense to investigate the witness. *See State v. DiMaggio,* 49 Wis. 2d 565, 588, 182 N.W.2d 466, 479–80 (1971).

A defendant should expect that the living victim of an alleged crime, named in the complaint as having provided the factual basis regarding commission of the crime, will testify at the trial. Such a witness is called to establish the facts of the crime, not to discredit an alibi. A defendant should expect that a named victim who, according to the complaint, previously identified the defendant as the perpetrator, will testify similarly at the trial. It is fair to exclude from the operation of the statute the name of the living victim whose identity has been disclosed by the complaint. A defendant has sufficient time and information to investigate whether a living victim named in the complaint was present at the time and place alleged. We conclude that the alleged victim, called to establish the facts of the crime during the state's case in chief, is not an alibi rebuttal witness.[1]

Whether Ms. Oliver or her employer suffered a loss because of the forgery is irrelevant. For our purposes, Ms. Oliver was the equivalent of the victim.

*By the Court.*—Judgment affirmed.

---

[1] Had Ms. Oliver merely testified she saw defendant at or near the scene of the crime, *Tucker v. State,* 84 Wis. 2d 630, 639, 267 N.W.2d 630, 635 (1978), would require that the state give defendant notice that it would call her as an alibi rebuttal witness, no matter when she was called.